UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                  Plaintiff,<br><br>v.<br><br>JOSE FERNANDO LOPEZ-QUEVEDO,<br><br>                                  Defendant. | Case No.: 19-cr-02845-DMS<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582** |

Pending before the Court is Defendant Jose Fernando Lopez-Quevedo's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the following reasons, the Court denies Defendant's motion.

## I.

## BACKGROUND

On August 27, 2019, Defendant pled guilty to being a Removed Alien Found in the United States in violation of 8 U.S.C. § 1326. (ECF Nos. 16–18.) On November 16, 2019, he was sentenced to 47 months in custody. (ECF Nos. 27–28.)

On August 23, 2021, Defendant filed the instant motion for compassionate release. (ECF No. 30.) On August 16, 2021, the Court referred the motion to Federal Defenders of San Diego to evaluate whether Defendant would benefit from the appointment of counsel pursuant to General Order 692-B. (ECF No. 31.) On September 14, 2021, Federal

Defenders filed a status report indicating that the Court should decide the motion on the existing record without further assistance of counsel. (ECF No. 34.) The government filed a response in opposition to Defendant's motion on September 30, 2021. (ECF No. 35.) Defendant did not file a reply. The matter is fully briefed and submitted.

## II.

## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by Rule 35 of the Federal Rules of Criminal Procedure or by statute. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The First Step Act ("FSA") is such a statute. *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move a district court for compassionate release after exhausting the BOP process.

The FSA allows a district court to modify a sentence and grant compassionate release if it finds "extraordinary and compelling reasons" warrant such a reduction, "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and the reduction complies with 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). However, the Ninth Circuit has held that while the current version of "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, . . . they are not binding" because § 1B1.13 does not constitute an "applicable policy statement." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). Therefore, "district courts are 'empowered ... to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 801 (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)). As the movant, Defendant bears the burden of establishing that he is eligible for a sentence reduction. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

///

However, the First Step Act also provides that a Court can only grant compassionate relief "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  The Ninth Circuit has held that "§ 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) (per curiam).  As such, the administrative exhaustion requirement "must be enforced when properly raised by the government." *Id.*  This requirement is "mandatory in the sense that a court must enforce the rule if a party properly raise[s] it, but the objection may be forfeited if the party asserting the rule waits too long to raise the point." *Id.* (internal quotation omitted)).  Therefore, "[i]f the rule is not properly invoked, it may be waived." *United States v. Avilla*, No. 19-cr-00171-BAS-1, 2021 WL 4460681, at *2 (S.D. Cal. Sept. 9, 2021) (citing *Keller*, 2 F.4th at 1282).  Here, the government fails to address the issue. The Court therefore finds that the government has waived any objection on the ground of administrative exhaustion. Accordingly, the Court proceeds to a consideration of the merits.

Defendant argues his previous COVID-19 diagnosis and continuing symptoms entitle him to compassionate release.  (ECF No. 30 at 2.)  Defendant claims that these symptoms include "fatigue, shortness of breath, exhaustion, pain in the back of the lungs, and roughness in the chest." (*Id.* at 2.)  Defendant's medical records confirm his previous COVID-19 diagnosis, but they also reflect that he denied lingering COVID-19 symptoms on at least six occasions after his diagnosis. (ECF No. 938 at 2–3, 7.)  Those records also indicate Defendant received both doses of the Pfizer COVID-19 vaccine on April 19, 2021 and May 10, 2021. (*Id.* at 9–12.) Defendant does not claim to possess any health condition that would subject him to heightened risk of complications were he to contract COVID-19 for a second time. (*See generally* ECF No. 30.)  The government argues Defendant's

motion should be denied because no extraordinary and compelling reasons exist in this case.  (ECF No. 35 at 8–10.)

Under these facts, Defendant has not demonstrated that he possesses extraordinary and compelling reasons warranting release. *See United States v. Eberhard*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence[.]"). Furthermore, "[i]n light of the efficacy of COVID-19 vaccines, courts consistently refuse to find that COVID-19 presents an extraordinary or compelling reason for relief." *United States v. Tsingine*, No. CR-09-08132-001-PCT-GMS, 2021 WL 3419056, at *2 (D. Ariz. Aug. 5, 2021).  Indeed, this Court has denied compassionate release to vaccinated inmates seeking compassionate release even where they had underlying health conditions associated with heightened risk and where the defendant had already contracted COVID-19.  *United States v. Grummer*, No. 08-CR-4402-DMS, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) (denying a defendant's motion for compassionate release and noting that "[a]lthough Defendant suffers from several chronic medical conditions, his vaccination significantly mitigates the risk that he will contract COVID-19."); *United States v. Henderson*, No. 14-cr-00307-BAS-1, Dkt. No. 74 (S.D. Cal. Jan. 27, 2021) (finding that defendant with asthma and obesity failed to show "extraordinary and compelling reasons" because vaccination "largely dissipated" her chances of COVID-19 reinfection or relapse); *United States v. Bisel*, No. 10-cr-5016-H-17, 2021 WL 3634830, at *4 (S.D. Cal. Aug. 16, 2021) (denying compassionate release where defendant with hepatitis C contracted COVID-19, recovered, and was vaccinated).  Other courts have denied compassionate release under similar facts. *See e.g. United States v. Ballenger*, No. CR16-5535 BHS, 2021 WL 308814, at *5 (W.D. Wash. Jan. 29, 2021) ("[B]ecause [Defendant] has already been infected and vaccinated, his chronic medical conditions alone do not amount to an extraordinary and compelling reason to warrant compassionate release."); *United States v. Hays*, No. 3:18-CR-00562-BR, 2021 WL 3280729 (D. Or. July 30, 2021) (denying a defendant's motion for

compassionate release where the defendant suffers from numerous health conditions, recovered after contracting COVID-19, and has since received both doses of the Moderna vaccine). Finally, Defendant has not presented the Court with any documentation supporting his claims that he continues to suffer from symptoms as a result of his prior COVID-19 infection. In fact, the only medical records before the Court indicate that he denied lasting symptoms after his diagnosis. (ECF No. 38 at 3.) Nor has he made a showing of the severity of those alleged symptoms. As such, Defendant has failed to meet the burden of demonstrating that extraordinary and compelling reasons justify his release.

## III.

## CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion for compassionate release is denied.

**IT IS SO ORDERED.**

Dated: November 12, 2021

Hon. Dana M. Sabraw
United States Chief District Judge